## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELIA LENTZ,**

    **Plaintiff,**

 **v.**               **CASE NO:**

**WATSON CLINIC, LLP,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELIA LENTZ, (hereinafter "Plaintiff" or "Ms. Lentz"), by and through the undersigned counsel, hereby sues Defendant, WATSON CLINIC, LLP (hereinafter "Defendant," "Watson Clinic," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful interference with and retaliation for the exercise of her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and for unlawful discrimination based on disability and retaliation in violation of Chapter 760

of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her for exercising those rights in violation of the FMLA. Plaintiff further alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability, and retaliated against her for opposing unlawful discriminatory practices and requesting reasonable accommodation in violation of her rights under the FCRA.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's FMLA claims arise under the laws of the United States, 29 U.S.C. § 2601 et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division. All facts and circumstances arising from this dispute took place in Polk County, Florida.

## PARTIES

8.      Plaintiff is ELIA LENTZ, a female who has been diagnosed with Lupus, Fibromyalgia, Chiari Malformation, anxiety, depression, and post-traumatic stress disorder (PTSD), conditions that substantially limit one or

more major life activities and require ongoing medical treatment. Plaintiff resides in Mulberry, Polk County, Florida.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under the FCRA, and is protected against interference and retaliation under the FMLA.

10.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA and the FCRA.

12.    Defendant employed Plaintiff as a Medical Assistant until her termination on October 28, 2024.

13.    The Defendant, WATSON CLINIC, LLP, is a multi-specialty medical clinic with its principal place of business located at 1600 Lakeland Hills Blvd., Lakeland, FL 33805, Polk County, Florida.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Polk County, Florida, and employed more than 500 employees.

15.    At all times material herein, Defendant met, and continues to

meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FMLA and the FCRA.

16.     Accordingly, Defendant is liable under the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff. Defendant is also liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On December 18, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation. Said Charge of Discrimination bears EEOC Charge Number 511-2025-01327.

19.     On March 6, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant.

20.     More than one hundred eighty (180) days have elapsed since

the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    Plaintiff's FMLA claims are not subject to any administrative exhaustion requirement.

22.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.    Plaintiff has been diagnosed with Lupus, Fibromyalgia, Chiari Malformation, anxiety, depression, and post-traumatic stress disorder (PTSD). These conditions substantially limit one or more major life activities and require ongoing medical treatment.

24.    Plaintiff was employed by Defendant as a Medical Assistant, working in Defendant's float pool and in its Pulmonary department at Defendant's facility located at 1600 Lakeland Hills Blvd., Lakeland, Florida.

25.    Throughout her employment, Plaintiff performed her job duties competently and satisfactorily.

26. Plaintiff disclosed her disabilities and medical conditions to Defendant's Benefits Coordinator upon hire.

27. On or about January 25, 2024, Plaintiff was approved for intermittent protected medical leave to manage her ongoing treatment needs.

28. In January 2024, Plaintiff requested a reasonable accommodation of a reduced work schedule of 30 hours per week to accommodate her medical treatment appointments.

29. Dana Hall, Defendant's Administration Supervisor, denied Plaintiff's request for a reduced work schedule, stating that such a schedule would jeopardize Plaintiff's employment.

30. Defendant did not engage in any further interactive process with Plaintiff regarding her accommodation request.

31. Fearing termination, Plaintiff withdrew her request for a reduced schedule but continued to use her protected medical leave as needed for her medical conditions.

32. In July 2024, Heather Gordon reprimanded Plaintiff for using protected medical leave during a severe Lupus flare-up that left Plaintiff unable to work for five days.

33.    In October 2024, Ms. Gordon again cited Plaintiff's protected medical leave usage and placed Plaintiff on a suspension from October 8 through October 10, 2024, claiming that Plaintiff's callouts exceeded an unspecified company limit.

34.    On October 14, 2024, Plaintiff submitted a new accommodation request from her psychiatrist, seeking to take Mondays and Thursdays off for medication therapy.

35.    Despite repeated follow-ups by Plaintiff, Defendant failed to respond to this accommodation request, effectively denying the accommodation and failing to engage in the interactive process.

36.    In connection with her serious health condition, Plaintiff obtained a Certification of Health Care Provider for Employee's Serious Health Condition under the FMLA, completed by her treating psychiatric providers on October 15, 2024. The certification identified a condition beginning on or about October 15, 2024, expected to last one year or more, requiring multiple medical treatments, and stated that it was medically necessary for Plaintiff to work a reduced schedule of three days per week from October 15, 2024 through October 15, 2025.

37.    Plaintiff's serious health condition required regimens of

continuing treatment, including weekly Spravato treatments and rTMS treatments multiple days per week.

38.    On October 28, 2024, Defendant falsely claimed that Plaintiff had exhausted her protected medical leave and informed Plaintiff that she would be terminated if she attended a previously approved doctor's appointment scheduled for that day.

39.    When Plaintiff offered to cancel the appointment and remain at work to keep her job, Defendant, through Heather Gordon, initially agreed. However, after Ms. Gordon consulted with Kelly Lonsberry, Defendant's Chief Human Resources Officer, Defendant withdrew that option and proceeded with Plaintiff's termination regardless.

40.    On October 28, 2024, Defendant terminated Plaintiff's employment. Plaintiff was informed of her termination in person by Heather Gordon and Dana Hall at the end of her work day.

41.    Defendant memorialized Plaintiff's termination in a written Corrective Action Plan dated October 28, 2024, which stated that Plaintiff had "exhausted the full twelve weeks of FMLA hours" available under her FMLA for the twelve-month period, that she had submitted a request for eight weeks of continuous FMLA followed by a return under a reduced work

schedule of three days per week, and that she was "not eligible for this leave due to having exhausted the full 12 weeks of FMLA."

42.     Defendant's stated reason for terminating Plaintiff was directly premised on Plaintiff's use of, and request for, protected medical leave and a disability-related reduced work schedule.

43.     Prior to her termination, Plaintiff had complained to Defendant's management, including Kelly Lonsberry, about the lack of communication regarding her leave and accommodations and about being placed in an office with a provider who belittled her and acted unprofessionally toward her.

44.     Prior to her termination, Plaintiff sought to move from Defendant's float pool to a permanent Medical Assistant position in internal medicine working with providers who supported her placement and were aware of her medical conditions. Defendant, through Heather Gordon and Dana Hall, denied Plaintiff that opportunity, citing her medical leave requests as a reason she would not be a good fit.

45.     After Plaintiff's termination, Defendant filled the permanent internal medicine position with another employee who was also working a reduced work schedule pursuant to her own medical leave paperwork,

demonstrating that Plaintiff's medical leave schedule was not a legitimate barrier to the position.

46.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer significant damages, including lost wages, lost benefits, the loss of her employer-provided medical insurance, an inability to obtain necessary medical treatment, emotional distress, mental anguish, damage to her professional reputation, and severe financial hardship.

47.     At all times relevant herein, Plaintiff was qualified for her position and could perform the essential functions of her job, with or without reasonable accommodation.

## COUNT I
### Violation of the Family and Medical Leave Act
### Interference
### 29 U.S.C. § 2601 et seq.

48.     Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49.     At all times material, Plaintiff was an eligible employee within the meaning of the FMLA.

50.     At all times material, Defendant was an employer within the

meaning of the FMLA.

51.      Plaintiff suffered from a serious health condition within the meaning of the FMLA.

52.      Plaintiff was entitled to leave under the FMLA and to a reduced work schedule as certified by her health care provider.

53.      Plaintiff gave Defendant notice of her need for FMLA leave and provided a Certification of Health Care Provider supporting her need for leave and a reduced work schedule.

54.      Plaintiff exercised, and attempted to exercise, rights protected by the FMLA, including by using intermittent protected leave and by requesting continued leave and a reduced work schedule.

55.      Defendant interfered with, restrained, and denied Plaintiff's exercise of rights under the FMLA by, among other things, discouraging and penalizing Plaintiff's use of protected leave, counting protected leave-related absences against Plaintiff, reprimanding and suspending Plaintiff for using protected leave, denying Plaintiff's request for a reduced work schedule, failing to respond to Plaintiff's requests, and terminating Plaintiff's employment because of her use of and request for protected leave.

56.      Defendant further interfered with Plaintiff's FMLA rights by

terminating her employment on October 28, 2024, before she could take the leave and reduced schedule to which she was entitled, thereby denying Plaintiff the benefit of her protected leave.

57.    Defendant's conduct violated Plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

58.    As a direct and proximate result of Defendant's unlawful interference, Plaintiff has suffered damages, including lost wages, salary, employment benefits, and other compensation, and is entitled to all damages and equitable relief authorized by the FMLA.

59.    Defendant's violation was not in good faith, and Plaintiff is therefore entitled to liquidated damages to the full extent permitted by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests all relief available under the FMLA, including lost wages, lost salary, lost employment benefits, liquidated damages, equitable relief including reinstatement or front pay where appropriate, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT II
### Violation of the Family and Medical Leave Act
### Retaliation
### 29 U.S.C. § 2601 et seq.

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

61.     At all times material, Plaintiff was an eligible employee within the meaning of the FMLA.

62.     At all times material, Defendant was an employer within the meaning of the FMLA.

63.     Plaintiff engaged in activity protected by the FMLA by requesting, obtaining approval for, and using protected medical leave, and by requesting continued leave and a reduced work schedule for her serious health condition.

64.     Defendant knew Plaintiff had requested, been approved for, and used FMLA leave.

65.     After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including reprimanding her, suspending her, denying her a permanent position, and terminating her employment on October 28, 2024.

66.     Defendant's stated reason for terminating Plaintiff, that she had exhausted her protected leave and had requested continued leave and a reduced work schedule, expressly tied Plaintiff's termination to her exercise of FMLA rights.

67.     The temporal proximity between Plaintiff's exercise of her FMLA rights and Defendant's adverse actions, together with Defendant's stated reliance on Plaintiff's leave usage and requests, supports a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

68.     Defendant retaliated against Plaintiff because she exercised rights protected by the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

69.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including lost wages, salary, employment benefits, and other compensation, and is entitled to all damages and equitable relief authorized by the FMLA.

70.     Defendant's violation was not in good faith, and Plaintiff is therefore entitled to liquidated damages to the full extent permitted by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests all relief available under the FMLA, including lost wages, lost

salary, lost employment benefits, liquidated damages, equitable relief including reinstatement or front pay where appropriate, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT III
### Violation of the Florida Civil Rights Act
### Disability Discrimination
### Fla. Stat. §§ 760.01-760.11

71. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

72. At all times material, Defendant was an employer within the meaning of the Florida Civil Rights Act.

73. At all times material, Plaintiff was a qualified individual with a disability or handicap within the meaning of the FCRA in that she had a physical and/or mental impairment that substantially limited one or more major life activities, she had a record of such an impairment, and/or she was regarded as having such an impairment, and she could perform the essential functions of her position with or without reasonable accommodation.

74. Plaintiff suffers from Lupus, Fibromyalgia, Chiari Malformation, anxiety, depression, and PTSD, conditions that substantially

limit one or more major life activities.

75.     Defendant knew of Plaintiff's disability, including through Plaintiff's disclosure of her medical conditions, her approved intermittent medical leave, her accommodation requests, and her medical certification.

76.     Plaintiff requested reasonable accommodations for her disability, including a reduced work schedule and adjusted days off to attend medically necessary treatment.

77.     Despite having notice of Plaintiff's disability and accommodation needs, Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process.

78.     Instead of accommodating Plaintiff, Defendant subjected Plaintiff to adverse terms and conditions of employment because of her disability, including reprimanding and disciplining her for disability-related absences, suspending her, denying her a permanent position, and ultimately terminating her employment.

79.     Defendant discriminated against Plaintiff because of her disability by subjecting her to discriminatory terms and conditions of employment, by failing to accommodate her disability, and by terminating her employment.

80.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other damages recoverable under the FCRA.

**WHEREFORE**, Plaintiff demands judgment against Defendant Watson Clinic, LLP, for declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages as allowed by law and within any applicable statutory limits, prejudgment and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation of the Florida Civil Rights Act
### Retaliation
### Fla. Stat. §§ 760.01-760.11

81.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

82.    At all times material, Defendant was an employer within the meaning of the FCRA.

83.    Plaintiff engaged in statutorily protected activity under the FCRA by requesting reasonable accommodations for her disability and by

opposing and complaining about disability-based discriminatory treatment in the workplace.

84.    Defendant was aware of Plaintiff's protected activity.

85.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including reprimanding her, suspending her, denying her a permanent position, and terminating her employment on October 28, 2024.

86.    The adverse actions taken against Plaintiff were causally related to her protected activity.

87.    Defendant's actions and omissions following Plaintiff's protected activity would have dissuaded a reasonable employee from making or supporting a request for accommodation or a complaint of disability discrimination.

88.    Defendant's stated reasons for the adverse actions taken against Plaintiff were false and pretextual.

89.    Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the FCRA.

90.    As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits,

lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other damages recoverable under the FCRA.

**WHEREFORE**, Plaintiff demands judgment against Defendant Watson Clinic, LLP, for declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages as allowed by law and within any applicable statutory limits, prejudgment and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 28th day of July, 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com